
```
                                                              CLERK'S OFFICE U.S. DIST. COURT
                                                                    AT DANVILLE, VA
                                                                         FILED
```

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

JOHN F. CORCORAN, CLERK
BY: /s/ H. McDaniel
     DEPUTY CLERK

| | |
|---|---|
| **JEFFREY MITCHELL,** | ) |
| Plaintiff, | ) Civil Action No. 7:06-cv-00318 |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| **M. JUSTUS,** | ) By: Hon. Jackson L. Kiser |
| Defendant. | ) Senior United States District Judge |

Plaintiff Jeffrey Mitchell, a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Mitchell alleges that the defendant has spoken to him in a vulgar and obscene manner, has retaliated against him for complaining about her by initiating false disciplinary charges against him, and, on one occasion, denied him his evening medication. As relief, Mitchell seeks to have his security level reduced and to have the defendant fired. Upon review of the record, I conclude that the plaintiff has not stated a claim upon which relief can be granted and, therefore, dismiss the complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).

### I.

Mitchell claims that on January 4, 2006, he filed a written complaint that defendant, Nurse Justus, spoke to him in what he felt was an improper and rude manner when he made a sick call request. He claims she "yelled" at him to sign the co-pay slip and "growled" at him that she did not care if he signed the slip because, regardless, if he saw the doctor he would have to pay the $5.00 co-pay.

Mitchell next claims that on January 13, 2006, while he was standing at his cell door, Justus stood directly in front of his cell window and said "You like to talk don't you? You don't

know what shit smelled like if you had your nose stuck way up your cell-mates' [sic] ass."
Mitchell states that at that time he did not understand what she meant by this comment, but now asserts that she spoke to him in such an obscene manner in response to his complaint regarding the January 4, 2006 incident.

Since then, Mitchell alleges that Justus has retaliated against him for filing complaints related to the above mentioned instances of verbal abuse. Specifically, he claims that Justus has provided false information against him causing him to be charged with two institutional disciplinary infractions for threatening an institutional employee with bodily harm. Mitchell concedes that the first charge was dismissed for procedural reasons. Although Mitchell claims the second charge is false, he admits that Justus' account of the incident would be substantiated by testimony from a witnessing correctional officer.

Additionally, Mitchell claims that on January 23, 2006, Justus refused to give him his medication, a temporary prescription for over the counter pain medication, even though he specifically asked for it.

## II.

A petition may be dismissed under 28 U.S.C. § 1915A(b)(1) if it is clear from the petition that the plaintiff is not entitled to relief. To state a cause of action under § 1983, a plaintiff must establish that he was deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42 (1988).

2

### A. Obscene Language

Verbal abuse and harassment by correctional employees, without more, does not state a constitutional claim. See Cullins v. Cundy, 603 F.2d 825 (10th Cir. 1979) (holding that the Sheriff's actions in laughing at and threatening to hang the plaintiff were not sufficient to show the deprivation of a constitutional right). The constitution does not "protect against all intrusions on one's peace of mind." Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991). Therefore, an institutional employees's verbal harassment or idle threats to an inmate, even if they cause an inmate fear, anxiety, or discomfort, do not constitute an invasion of any identified liberty interest. Emmons v. McLaughlin, 874 F.2d 351, 354 (6th Cir. 1989) (verbal threats causing fear for plaintiff's life not an infringement of a constitutional right); Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (calling an inmate an obscene name did not violate constitutional rights); Lamar v. Steele, 698 F.2d 1286 (5th Cir. 1983) ("Threats alone are not enough. A section 1983 claim only accrues when the threats or threatening conduct result in a constitutional deprivation."); Ellingburg v. Lucas, 518 F.2d 1196, 1197 (8th Cir. 1975) (defamation does not implicate any constitutionally protected right); Keyes v. City of Albany, 594 F. Supp. 1147 (N. D. N.Y. 1984) ("[T]he use of vile and abusive language [including racial epithets], no matter how abhorrent or reprehensible, cannot form the basis for a 1983 claim.")

Mitchell alleges only that Justus has spoken to him a rude, vulgar, and/or obscene manner. While if true, Justus' choice of words may be unprofessional and inappropriate, alone they are insufficient to create a constitutional deprivation. Therefore, as Mitchell does not allege that he has suffered any actual injury, I find that his allegations of verbal abuse do not state a claim of constitutional magnitude.

3

### B. False Charges

Mitchell alleges that Justus has retaliated against him for filing complaints regarding her allegedly inappropriate behavior by providing false information against him, causing him to be charged with two institutional disciplinary infractions. To establish a claim of retaliation, an inmate must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right. Neitzke v. Williams, 490 U.S. 319, 327 (1989). An inmate does not have a constitutional protected 'right to inform' or bring complaints regarding his incarceration to the attention of prison officials. Adams v. Rice, 40 F.3d 72, 74 (4th Cir.1994). Accordingly, filing a complaint against an institutional employee is not a constitutionally protected right. See id. Moreover, claims of retaliation in the form of disciplinary infractions are treated with scepticism. Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996). "Every act of discipline by prison officials is by definition retaliatory in the sense that it responds directly to prisoner misconduct." Adams, 40 F.3d at 74. Therefore, an inmate must state more than naked, conclusory allegations of reprisal to state a claim of retaliatory conduct. Id.

Mitchell alleges that he was falsely charged with threatening an institutional employee on two occasions in retaliation for his complaints against that employee, but he has presented no evidence other than his own statement that he did not in fact do the acts of which he was charged. Mitchell concedes that his first institutional infraction was dismissed solely on procedural grounds and that the correctional officer who witnessed the events leading to the second charge will testify that Mitchell acted as charged. Further, he has not presented any evidence to support his claim that the witnessing correctional officer is lying about the incident. Accordingly, I find that Mitchell has failed to state a claim of retaliation regarding the false charges. Moreover,

4

even assuming that the correctional officer and/or the defendant made a false report resulting in those charges, such violations of state procedural law do not implicate federal due process rights and are not cognizable under §1983. See Sandin v. Conner, 515 U.S. 472, 484 (1995).

### C. Pain Medication

Mitchell also claims that on one occasion Justus refused to give him his over the counter pain medication. In order to state an Eighth Amendment claim of deliberate indifference, a prisoner must show that the defendant knew of and disregarded an objectively serious medical need or risk of harm; mere negligence in exposure to a health risk does not state a constitutional claim. Estelle v. Gamble, 429 U.S. 97, 104 (1976); Rish v. Johnson, 131 F.2d 1092, 1096 (4th Cir. 1997). Mitchell admits that he was temporarily receiving an over the counter pain medication. He does not allege that he was at risk of serious harm if he missed one dose of medication nor has he alleged that he has been denied medication or treatment on any subsequent occasions. Accordingly, I find he has failed to allege facts sufficient to raise a constitutional claim of deliberate indifference.

### III.

Based on the foregoing, I find that Mitchell has not presented any claims that constitute a violation of his constitutional rights. Therefore, I dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant

5

Case 7:06-cv-00318-JLK-mfu   Document 5   Filed 06/06/06   Page 5 of 6   Pageid#: 52

to Rule 4(a)(5).

The Clerk is directed to send certified copies of this Memorandum Opinion and accompanying Order to plaintiff and to counsel of record for the defendants, if known.

**ENTER**: This 6th day of June, 2006.

                                               */s/ Jackson L. Kiser*
                                               Senior United States District Judge